# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| EFFECTIVE EXPLORATION, LLC, | § | |
| | § | |
| *Plaintiff*, | § | Case No. 2:16-cv-00607-JRG-RSP |
| | § | |
| v. | § | |
| | § | |
| BLUESTONE NATURAL RESOURCES II, LLC, | § | |
| | § | |
| *Defendant*. | § | |

## **MEMORANDUM OPINION AND ORDER**

Having won summary judgment of noninfringement, BlueStone now moves to declare this case exceptional under 35 U.S.C. § 285 and requests $700,000 in attorneys' fees. Dkt. No. 187. Although certain elements of this case and others filed by Effective Exploration weigh in favor of finding exceptionality, the totality of the circumstances do not justify such a finding. Accordingly, BlueStone's motion is denied.

## **BACKGROUND**

Effective Exploration is a non-practicing entity formed in 2013. Since its inception, Effective has filed 25 patent infringement lawsuits alleging infringement of one or more patents related to the operation of oil and gas wells. Thirteen of these lawsuits involved U.S. Patent No. 8,813,840, the patent asserted against BlueStone. Of Effective's 25 lawsuits, BlueStone contends that Effective walked away from nine suits without settlement, *see* Dkt. No. 187 at 3 n.8, and settled the remaining fourteen, *id.* at 3 n.7. The defendants that settled with Effective paid from $12,500 to $650,000, with the upper end of the range being a gross outlier. The average settlement amount was $117,142.86, the median was $60,000, and nine of the fourteen settlements fell between $12,500 and $65,000. *See* Dkt. Nos. 187-1–187-13. Most of the cases settled relatively

early, with the lawsuit against BlueStone being the only case to reach a final resolution on the merits.

The problem with Effective's case against BlueStone began at claim construction. The '840 patent is directed to systems and methods for recovering oil or gas from subterranean geological formations utilizing certain configurations of directed bore holes. *See* Dkt. No. 108. The claims' preamble recites "[a] system for accessing a subterranean zone of shale," and the claims specify that the system includes a wellbore extending into a subterranean zone, "wherein the subterranean zone is shale." See '840 patent at cl. 1. Effective asked the Court to construe the zone of "shale" limitation as a "depth interval including one or more layers of rock composed primarily of shale and that in the aggregate is composed primarily of shale." See Dkt. No. 108 at 18-26; Hr'g Tr. at 7:17-23 (June 9, 2017), Dkt. No. 89.

At the claim construction hearing, the Court and the parties discussed difficulties in determining whether the accused subterranean zone was in fact "composed primarily of shale and that in the aggregate is composed primarily of shale," *see* Hr'g Tr. at 38:2- 17, 41:3-8, Dkt. No. 89, and the Court clarified that it would be a question of fact "as to what the zone of shale is," *id.* at 40:4-6. The Court ultimately rejected BlueStone's proposal that zone of "shale" be defined as "a known and named shale formation," *see id.* at 42:15-45:6, and adopted Effective's proposed construction. *See* Dkt. No. 108 at 18-26. In doing so, the Court emphasized that whether the zone of "shale" limitations are met by "a particular section of the earth . . . is something for the experts or the fact witnesses to talk about." Hr'g Tr. at 44:7-10, Dkt. No. 89.

Effective lost the case because it never came forward with evidence to support the "shale" zone limitation. Effective's expert, Dr. Enick, never put forth an opinion regarding the geology of the accused subterranean zone, nor did Dr. Enick ever opine that the accused well site includes a

subterranean zone of "one or more layers of rock composed primarily of shale and that in the aggregate is composed primarily of shale." *See* Dkt. No. 176 at 2-3. Rather, Dr. Enick seemed to assume that because the accused subterranean zone was called the "Barnett Shale," the zone must necessarily satisfy the "shale" zone limitation. *See id.* This faulty assumption, however, was discussed with the parties at length during the claim construction hearing, and it should have been clear to Effective that under their own proposed construction, more would be required. Ultimately, in light of the lack of evidence regarding the "shale" zone limitation, the Court recommended that summary judgment of noninfringement be granted, and this recommendation led to the final resolution of the case. *See id.*; *see also* Dkt. No. 183.

## DISCUSSION

Section 285 of the Patent Act allows a district court, in an exceptional case, to award reasonable attorney fees to the prevailing party. 35 U.S.C. § 285. "District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014). An exceptional case under § 285 is "simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Id.* The party seeking fees must prove that the case is exceptional by a preponderance of the evidence. *Id.* at 1758.

Certain elements of Effective's cases, including the case against BlueStone, weigh in favor of finding exceptionality. The first is Effective's litigation campaign. The record could support a conclusion that Effective filed and maintained lawsuits for the purpose of forcing nuisance-value settlements. Of the fourteen settlement agreements in the record, most were for around $60,000.

3

*See* Dkt. Nos. 187-1–187-13. The settlement amounts were well below what BlueStone spent in this case through summary judgment (around $700,000) and well below the average cost to defend a patent infringement lawsuit through trial. *See* Dkt. No. 187 at 3 n.9. In light of the settlement amounts and given that only the case against BlueStone reached a final merits determination, one could conclude that Effective was filing lawsuits "for the sole purpose of forcing settlements, with no intention of testing the merits of [the] claims." *SFA Sys., LLC v. Newegg Inc.*, 793 F.3d 1344, 1350 (Fed. Cir. 2015). This supports a finding of exceptionality. *See Rothschild Connected Devices Innovations, LLC v. Guardian Prot. Servs., Inc.*, 858 F.3d 1383, 1389-90 (Fed. Cir. 2017).

Effective's litigation position was also weak, but not exceptionally so. This case is distinguishable from others in which it was clear that the case should never have been brought from the outset, such as a case involving patent claims that are "manifestly directed to an abstract idea." *See Inventor Holdings, LLC v. Bed Bath & Beyond, Inc.*, 876 F.3d 1372, 1378 (Fed. Cir. 2017). The validity of the '840 patent was tested with an early motion for summary judgment, but the Court held that a factual dispute regarding the prior art wells precluded a summary determination. *See* Dkt. No. 124. The ultimate fate of the case unfolded primarily because Effective insisted on a claim construction of the "shale" zone limitation that was difficult to prove. Effective's position was difficult to explain, and it was not surprising that the case was ultimately resolved at summary judgment, but "losing a summary judgment motion should not automatically result in a finding of exceptional conduct." *See Honeywell Int'l Inc. v. Fujifilm Corp.*, No. 2017-1070, 2018 WL 358079, at *2 (Fed. Cir. Jan. 11, 2018). Effective lost because of a failure of proof, which does not make this case stand out from any other patent case lost at summary judgment.

Moreover, relying on Effective's weak summary judgment position in evaluating attorneys' fees is difficult because of timing and the extent to which this weak position permeated

the rest of the case. Attorneys' fees must have been caused by the conduct that renders the case exceptional. *See Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186-90 (2017) (explaining but-for causation requirement for determining attorneys' fees). Yet as for the merits of the case, the primary misstep BlueStone relies on is Effective's lack of evidence to overcome summary judgment. Effective's obligation to come forward with evidence was not triggered, however, until BlueStone moved for judgment, and BlueStone's motion was based on a claim construction ruling that issued on July 27, 2017. *See* Dkt. No. 108. At most, Effective's liability for attorneys' fees—based on the weak summary judgment position—could conceivably extend from July until summary judgment was granted. But such liability should extend only insofar as the "shale" zone issue. In other words, the weakness of Effective's position, as far as the Court can tell, was limited primarily to the "shale" zone limitation. It is not clear how this one misstep impregnated the rest of the case to render Effective liable for $700,000 in attorneys' fees.

Aside from Effective's weak summary judgment position, BlueStone highlights two other circumstances that merit discussion. The first is best characterized as Effective's aggressive litigation strategy. In particular, BlueStone emphasizes that Effective served a Rule 11 sanctions motion the night before a scheduled mediation. *See* Dkt. No. 187 at 6. The sanctions motion was based on BlueStone's early (and ultimately unsuccessful) motion for summary judgment of invalidity. The Court denied the motion for sanctions, and in doing so emphasized that the summary judgment question was close. *See* Dkt. No. 125. Although filing a motion for sanctions in response to a defendant who attacks a position is not advisable, it is not enough in this case to weigh in favor of exceptionality.

The second circumstance that merits discussion is BlueStone's allegation that Effective did not perform an adequate presuit investigation. The basis of this allegation is deposition testimony

5

from Effective's corporate representative stating that he personally never investigated the accused well sites, nor did he review relevant public documents. *See* Dkt. No. 187 at 8-9. But the corporate representative stated that counsel presumably performed these tasks. *See* Paul Heath Dep. at 40:15-41:24, Dkt. No. 187-17. In addition, oil wells are the type of instrumentality that generally require some discovery to solidify a theory of infringement, and any presuit investigation based purely on publicly-accessible materials would necessarily have been difficult. *See K-Tech Telecommunications, Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1286 (Fed. Cir. 2013). In sum, the Court is not persuaded that Effective's lack of presuit efforts weigh in favor of finding exceptionality.

Having considered the totality of circumstances, the element of the case (or Effective's campaign) that weighs most strongly in favor of finding exceptionality is the number and amount of low-value settlements that were made while avoiding a merits determination. In the Court's view, the nature of this particular case precludes such a finding. The subject matter of Effective's lawsuits, i.e., oil wells, are necessarily difficult to probe and investigate. Although Effective's settlement amounts were low, a plausible alternative explanation is that Effective itself did not want to incur the expense of fully prosecuting an expensive patent infringement lawsuit. And a plaintiff cannot be punished simply for implementing "the statutory patent right by bringing suit based on a reasonable belief in infringement." *See Checkpoint Sys., Inc. v. All-Tag Sec. S.A.*, 858 F.3d 1371, 1375 (Fed. Cir. 2017), *cert. denied*, No. 17-519, 2018 WL 311353 (U.S. Jan. 8, 2018).

## CONCLUSION

For these reasons, BlueStone's motion for attorneys' fees, Dkt. No. 187, is denied. In addition, BlueStone's alternative request for fees in opposing Effective's motion for sanctions is denied.

**SIGNED this 18th day of January, 2018.**

                                               _____
                                               ROY S. PAYNE
                                               UNITED STATES MAGISTRATE JUDGE